IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CESAR ESTRELLA | : | CIVIL ACTION |
| v. | : | |
| MICHAEL J. ASTRUE | : | NO. 05-5800 |

## ORDER

**AND NOW**, this 7th day of March, 2008, upon consideration of Plaintiff's Brief in Support of Review (Docket No. 11), Defendant's Response thereto, and Plaintiff's reply, as well as Plaintiff's Request to Alter or Amend Judgment (Docket No. 17), and Defendant's response thereto, and after careful review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Request to Alter or Amend Judgment is **DENIED**.[1]

---

[1] Plaintiff objects to the Magistrate Judge's Report and Recommendation insofar as it recommends remanding the case to the Commissioner for further proceedings rather than an order that benefits be awarded. According to Plaintiff, the Magistrate Judge improperly relied on the concurring statement of Judge Adams in Podeworny v. Harris, 745 F.2d 210 (3d Cir. 1984), that "reversal, as opposed to remand, is in order only where a fully developed administrative record demonstrated that the claimant is clearly entitled to benefits, and thus a new administrative hearing would serve no useful purpose." Id. at 223. Plaintiff contends that the lead opinion in Podeworny as well as the prior decision of the United States Court of Appeals for the Third Circuit in Smith v. Califano, 637 F.2d 968 (3d Cir. 1981), makes clear that an order awarding benefits is appropriate where, as here, "the administrative record of the case has been fully developed and when substantial evidence indicates that the claimant is disabled and entitled to benefits." Id. at 221-22.

We, however, agree with the Magistrate Judge that, under the circumstances of this case, it is more appropriate to remand the case than to direct an award of benefits, because there is conflicting evidence in the record as to whether Plaintiff was disabled during the relevant time period. As the Magistrate Judge noted, the existing record does not contain "sufficient evidence to *require* a finding of disability." (R&R at 27.) Indeed, although the ALJ erred in failing to acknowledge the March 2005 medical opinion of Dr. Robert J. Schwartzman that Plaintiff was unable to perform even sedentary work on a full time basis from October 6, 1992 through December 31, 1995, and consideration of this evidence may change the ALJ's ultimate decision as to whether Plaintiff was disabled, the ALJ may also discount this evidence in light of other contradictory record evidence that she finds more compelling or credible. Rather than weigh this conflicting evidence

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **GRANTED** to the extent that the matter is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Magistrate Judge's Report.

4. The decision of the Commissioner is **REVERSED** for purposes of this remand only.

5. The Commissioner **SHALL** give this case priority and expedite any remaining proceedings so that the case may finally be resolved as promptly as practicable.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.

---

ourselves in the first instance, we will leave that task to the ALJ. We are cognizant that, through no fault of Plaintiff, there has already been significant delay in the final adjudication of Plaintiff's application for benefits. However, we trust that our Order requiring the Commissioner to prioritize and expedite the resolution of this case will ensure that the matter will be resolved as soon as practicable.